UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
Jordan El-Hag, Esq. & El-Hag & Associates,
PC,

                                                        **Index No.**

                               Plaintiffs,
        v.

                                                        **Complaint**

Meta Platforms, Inc.,
                                 Defendant.
-------------------------------------------------------x

## INTRODUCTION

This action arises from Meta Platforms, Inc.'s failure to provide any functional means for Plaintiff to regain access to his locked Meta Business and advertising accounts. Despite nearly a year of documented verification attempts, Meta's automated systems have continued to reject legitimate identity and ownership evidence inhibiting Plaintiffs from accessing and controlling business assets, and to control their credit cards tied to the Meta Business assets. Plaintiff brings this action to compel Meta to restore account access and ensure that business owners like him have a human mechanism for resolution.

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and the parties are citizens of different states.

2. Venue is proper under 28 U.S.C. § 1391(b) because Meta conducts substantial business in this District and Plaintiff's injury—loss of control of advertising accounts and unauthorized charges—occurred here.

3. Personal jurisdiction is proper because Meta transacts business and maintains continuous and systematic contacts within this District.

1

## PARTIES

### Plaintiffs

4. Jordan El-Hag is an attorney and business owner residing in Danbury, Connecticut. He maintains one or more Meta Business and advertising accounts associated with his law firm and other ventures.

5. El-Hag & Associates, PC. is a New York State professional corporation located in White Plains, New York.

### Defendants

6. Defendant Meta Platforms, Inc. ("Meta") is a Delaware corporation with its principal place of business at 1 Hacker Way, Menlo Park, California 94025. Meta operates the Facebook and Instagram platforms and the Meta Business advertising system.

## FACTUAL ALLEGATIONS

7. Plaintiff El-Hag is an attorney who is the sole owner of El-Hag & Associates, PC, a law firm operating in White Plains, New York.

8. As part of its business marketing, El-Hag & Associates, PC uses Defendant Meta's Facebook platform. It maintains two business pages and an advertising management page that pays for advertising on the Meta Platform. Plaintiff El-Hag's credit cards are linked to these business accounts and are charged for advertising on a monthly basis.

9. To create and maintain a Meta business account, the business account must be linked to a personal account to prevent fraud and other risks to the Meta community.

10. Plaintiff El-Hag has had a personal Facebook (Meta) account for over a decade.

11. As part of Meta's security platform, it offers users the option to have "two factor authentication" by which you can use a personal security application to connect to your Facebook account. The authenticator provides a changing code that you must enter to access your personal account. Plaintiff El-Hag maintained a two-factor authenticator for his personal account at all relevant times herein.

12. Around July 2024, Facebook suspended access to Plaintiff El-Hag's personal account claiming it monitored suspicious activity. Meta instructed Plaintiff El-Hag to verify his identity by

submitting images of government identifications to its AI platform. However, the AI would not accept the submissions.

13. Despite attempting to rectify this through numerous Facebook business support specialists, all have informed Plaintiff that there is nothing in their control to override the security Platform and that there was no other way to resolve the issue.

14. Making matters worse, Plaintiff's authenticator app crashed, eliminating the connection between the Facebook account. Meta does not provide a way to authenticate the account, and gain access.

15. As such, Plaintiff El-Hag is essentially frozen from his personal account through which all of the business assets are owned and managed on the Meta Platform.

16. Currently, contractors maintain access to Plaintiffs' accounts, but Plaintiffs do not. Meta has failed to provide Plaintiff with any avenue to regain access and to protect himself and the business from others being able to conduct activity on his accounts, and credit cards. Additionally, Plaintiff El-Hag has no access or means to access the El-Hag & Associates, business pages.

17. To date, Meta provided only automated responses and no human review.

18. Meta has a duty to maintain reasonable account-security procedures and provide a good-faith process for rightful account owners to regain access.

19. By failing to do so, Meta has deprived Plaintiff of control over his business assets, funds, and reputation.

## FIRST CAUSE OF ACTION
Declaratory Relief
(28 U.S.C. §§ 2201–2202)

20. An actual controversy exists between the parties concerning Plaintiff's ownership and access rights to his Meta Business and advertising accounts.

21. Plaintiff seeks a declaratory judgment that he is the rightful account owner and an injunction requiring Meta to:
    a. Restore Plaintiff's full administrative access;
    b. Prevent unauthorized use of Plaintiff's payment methods; and
    c. Implement a human review process for legitimate account recovery.

## SECOND CAUSE OF ACTION
Injunctive Relief
Fed. R. Civ. P. 65

22. Plaintiff seeks narrowly tailored injunctive relief directing Meta to: (a) Conduct a human review of Plaintiff's submitted documentation; (b) Upon verification, restore Plaintiff's administrative access to the Accounts; and (c) Provide a brief accounting of recent activity (campaigns, spend, user/role changes) covering the period of restricted access.

23. Plaintiff has no adequate remedy at law for the inability to access his business presence and to manage ongoing activity, and the requested relief is limited, practical, and in the public interest.

## THIRD CAUSE OF ACTION
Breach of Contract Specific Performance

24. Plaintiff entered into a contractual relationship with Meta under its Terms of Service and Business Terms, under which Plaintiff agreed to pay for advertising and Meta agreed to provide secure access to manage such accounts.

25. Meta materially breached those agreements by (a) locking Plaintiff out without valid cause; (b) failing to provide a working verification process; and (c) permitting unauthorized charges on Plaintiff's payment methods.

26. To the extent the parties' terms contemplate secure access and a documented process for account recovery, Plaintiff requests specific performance of those obligations in the form of a human review and restoration of access upon verification.

27. In the alternative, and without seeking expansive damages, Plaintiff pleads a limited breach to the extent necessary to obtain the equitable relief above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court:

A. A declaration that Plaintiff is the rightful administrator of the identified Accounts and is entitled to access;

B. A narrow injunction directing Meta to (i) conduct a human review of Plaintiff's documentation and (ii) restore administrative access upon verification;

C. A brief accounting of recent activity on the affected Accounts covering the period of restricted access;

D. Such other non-monetary, equitable relief as the Court deems just and proper; and

E. Costs as the Court deems appropriate.

Dated: White Plains, New York
November 3, 2025

Respectfully submitted,

/s/ Jordan El-Hag

_____

Jordan El-Hag, Esq.
El-Hag & Associates, PC
777 Westchester Ave., Ste.101
White Plains, New York, 10604
Jordan@elhaglaw.com
(914) 218-6190
Jordan@elhaglaw.com